# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY GRAYSON and ALVIN McKENZIE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br> 7-ELEVEN, INC., a Texas Corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 09-CV-1353 MMA (WMc) <br><br> **ORDER DECERTIFYING CLASS** |

Plaintiffs Leroy Grayson and Alvin McKenzie, former 7-Eleven store franchisees, bring this nationwide class action against Defendant 7-Eleven, Inc. ("7-Eleven"), seeking to recover federal excise tax refunds issued to 7-Eleven. On July 20, 2010, the parties filed a joint motion stipulating to class certification, which the Court granted. Currently pending are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Doc. Nos. 31, 32.] Upon reviewing the parties' Rule 56 motions, the Court recognized a concern pertaining to the propriety of class certification in this case, and ordered the parties to show cause why the class should not be decertified. Having reviewed and considered the materials submitted by the parties, the Court concludes maintaining this lawsuit as a nationwide class action is not appropriate.

///

...

...

## I. BACKGROUND

On July 20, 2010, the parties submitted a joint motion stipulating to class certification under Federal Rule of Civil Procedure 23 for the purpose of accommodating Rule 56 motions. [Doc. No. 24.] The parties agreed the class should be certified under Rule 23(b)(2) as follows:

> All former franchisees of Defendant 7-Eleven, Inc., located in the United States and/or in any of its Territories (1) who were 7-Eleven Franchisees at any time from July 2000 through July 2006 and who sold certain pre-paid long distance telephone cards to the public that were subject to a 3% federal excise tax; (2) who terminated their franchise agreements at any time between July 2000 and September 17, 2007; and (3) to whom 7-Eleven refused to pay any portion of the U.S. Treasury's excise tax refund.

[Doc. No. 24.]

The parties also sought certification of the class under Rule 23(b)(3), such that notice and an opportunity to opt-out could be provided if claims for monetary relief remained after the Rule 56 motions were decided. The Court granted the joint motion on July 21, 2010. [Doc. No. 25.]

Thereafter, both parties moved for summary judgment on Plaintiffs' claims for conversion, common counts "money had and received," and breach of implied contract. Throughout their papers, the parties analyzed Plaintiffs' claims under California law. Neither party, however, explained why the Court should analyze Plaintiffs' common law and equitable claims affecting a nationwide class solely under California law. Concerned that the claims could not be decided only under California law, the Court ordered the parties to show cause why the class should not be decertified. [Doc. No. 40.] On May 2, 2011, the parties filed a joint statement regarding the propriety of nationwide certification, and why it is proper to analyze Plaintiffs' claims under California law. [Doc. No. 41.]

## II. LEGAL STANDARD

"A previously certified class is subject to modification at the Court's discretion." *Cruz v. Dollar Tree Stores, Inc.*, 270 F.R.D. 499, 502 (N.D. Cal. 2010); *see* FED. R. CIV. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment"); *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (noting that even after a class is certified, the district court "remains free to modify it in the light of subsequent developments in the litigation"); *Officers for Justice v. Civil Serv. Comm'n of City and County of*

*San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) ("before entry of final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative").

The standards used to determine whether to decertify a class are the same standards used to evaluate whether to certify a class; namely, whether the requirements under Federal Rule of Civil Procedure 23 are met. *O'Connor v. Boeing North American, Inc.*, 197 F.R.D. 404, 410 (C.D. Cal. 2000). Rule 23(a) requires that class members demonstrate numerosity, commonality, typicality, and adequate representation of the class interest. FED. R. CIV. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992). In addition to meeting these four requirements, one of the Rule 23(b) requirements must also be met.

The decertification inquiry here focuses on the requirements under Rule 23(b)(2) and (b)(3). A class action may be maintained under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). A class action can also be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

**III. DISCUSSION**

The Court originally certified the class under the hybrid approach of Rule 23(b)(2) and (b)(3). Under the hybrid approach, the "highly cohesive Rule 23(b)(2) phase of the proceedings, including liability, can be adjudicated without the costly class notice and opt-out process required under Rule 23(b)(3)." *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 622 (9th Cir. 2010). Although the law is not entirely clear whether a hybrid class should be examined solely under the more stringent requirements of (b)(2), it appears that a hybrid class must satisfy both (b)(2) and (b)(3) requirements. *See, DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995) (where both Rule 23(b)(2) and (b)(3) apply, court should treat suit as (b)(2) action), *but see Dukes*, 603 F.3d at 620 (in discussing hybrid approach, court characterizes (b)(2) and (b)(3) as separate

1  classes).  For the reasons set forth below, the Court finds the existing nationwide class does not
2  meet the cohesion requirement of Rule 23(b)(2), nor the predominance requirement of Rule
3  23(b)(3).

### A.  Propriety of Certification Under Rule 23(b)(2)

Rule 23(b)(2) provides that a class action may be maintained if "the party opposing the class has acted or refused to act on *grounds that apply generally* to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2) (emphasis added).  Courts have held that class claims under Rule 23(b)(2) must be cohesive.  *See Dukes,* 603 F.3d at 622 (describing Rule 23(b)(2) as "highly cohesive"); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142 (3rd Cir. 1998) (discussing (b)(2) cohesion requirement).  Although Rule 23(b)(2) does not specify whether grounds that apply generally to the class must involve common legal rights as well as common facts, according to one noted authority, "[w]hat is necessary is that the challenged conduct or lack of conduct be premised on a *ground* that is applicable to the entire class."  Wright & Miller, 7AA Fed. Prac.& Proc. § 1775 (3d ed.) (emphasis added).  These authorities suggest Rule 23(b)(2) requires that a common legal ground be generally applicable to the class.  *See, Barnes v. American Tobacco* Co., 161 F.3d 127, 143 (3d Cir. 1998) ("[I]t is well established that the class *claims* must be cohesive . . . by its very nature, a b(2) class must be cohesive as to those *claims* tried in the class action) (internal marks and citation omitted) (emphasis added); *see also In re Prempro*, 230 F.R.D. 555, 569 (E.D. Ark. 2005) ("A [Rule 23(b)(2)] class cannot be cohesive if the states' laws governing the class are notably different.")

Defendant contends certification remains proper because California law can serve as the ground generally applicable to the nationwide class members' claims.  In support, Defendant argues "it is unaware of any state law that is more favorable to plaintiffs," and "does not believe that the law of any other state would compel a different result." [Doc. No. 41.]  However, Defendant provides no legal authority for its contention that California law does not conflict with the laws of other states.  Defendant does not discuss the elements required to establish Plaintiffs' common law and equitable claims for conversion, common counts "money had and received," and

breach of implied contract, across the fifty states.   The Court cannot rely solely on counsel's assurances, and cannot accept "on faith" their assertions that variations in state laws relevant to the case do not exist or are insignificant.  *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741-42 (5th Cir. 1996).  The Court is not convinced that California law can be applied to the nationwide class members' claims.

Similarly, where the laws of multiple states must be applied, a party seeking class certification under Rule 23(b)(2)  must "creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class certification does not present insuperable obstacles.'" *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986) (*quoting In re School Asbestos Litig*., 789 F.2d 996, 1010 (3d Cir. 1986)).  Courts routinely deny class certification where the laws of multiple states must be applied because variations in the states' laws would preclude class claims from meeting Rule 23(b)(2)'s cohesiveness requirement.  *See. e.g., Tyler v. Alltel Corp.*, 265 F.R.D. 415, 429 (E.D. Ark. 2010) (denying certification of proposed Rule 23(b)(2) class because different states' laws created a "myriad of individual legal issues in [plaintiff's] class claims" which was "fatal to any possible cohesion"); *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 460-70 (D. N.J. 2009).

Plaintiffs summarily contend certification remains proper because "there is no wide variation in governing law to prevent nationwide adjudication," and that the laws of multiple jurisdictions can apply to all class members' claims.  Plaintiffs aver that although the parties analyzed Plaintiffs' claims under California law, they did not intend to suggest that only California law applies, but rather "to reinforce generally applicable legal principles."  [Doc. No. 41.] However, Plaintiffs do not provide any comparison of the variances in state law elements for the claims they assert, let alone an  "extensive analysis of state law variations to show such variations would not present "insuperable obstacles." *In re School Asbestos Litig*., 789 F.2d at 1010. Plaintiffs' analysis of the release enforcement and limitation is unavailing because it does not remedy the lack of analysis pertaining to the claims asserted.  Plaintiffs' reliance on cases where courts certified breach of contract claims is also unavailing because Plaintiffs do not allege a claim for breach of contract.

1  Moreover, the parties do not cite, nor has the Court found, a case where a nationwide class
2  was certified to pursue the claims asserted here.  The Court further notes that at least one district
3  court has examined the laws for conversion in a few states, and found material differences in the
4  laws militated against certification under Rule 23(b)(3).  *Jim Moore Ins. Agency, Inc. v. State*
5  *Farm Mut. Auto. Ins. Co., Inc*., 2003 WL 21146714 *11 (S.D. Fla. 2003), *comparing City of Cars*
6  *v. Simms*, 526 So.2d 119, 120 (Fla. App. 1988) (under Florida common law, intent is not an
7  element of conversion); *with Dual Drilling Co. v. Mills Equip. Invs., Inc*., 721 So.2d 853, 857 & n.
8  3 (La.1998) (conversion is governed by statute and predicated upon proof of fault); *with Burlesci*
9  *v. Peterson*, 68 Cal. App.4th 1062, 1066 (1998) (conversion is a strict liability tort).

10  The Court appreciates the parties' desire to resolve their Rule 56 motions on a class-wide
11  basis to promote efficiency and judicial economy.  However, Defendant has not shown California
12  law can serve as the ground that applies generally to the nationwide class members' claims.  If the
13  Court were to permit this lawsuit to proceed as a nationwide class action, the Court would
14  impermissibly bind class members "to a decision in a case where the . . . legal theories upon which
15  relief is sought look nothing like their own." *Agostino*, 256 F.R.D. at 470.  The laws of multiple
16  jurisdictions likely need to be applied, and Plaintiffs have not shown the variances in states' laws
17  would not destroy cohesion.  Accordingly, this lawsuit cannot be maintained as a nationwide class
18  action under Rule 23(b)(2).

19  The parties also briefly responded to the Court's concern about maintaining the class
20  because it appeared Plaintiffs predominantly seek money damages, which is impermissible under
21  Rule 23(b)(2).  *Dukes*, 603 F.3d at 571 ("Rule 23(b)(2) certification is not appropriate where
22  monetary relief is 'predominant' over injunctive relief or declaratory relief").  Because this class
23  cannot be maintained under Rule 23(b)(2) due to lack of cohesiveness, a further analysis regarding
24  whether Plaintiffs primarily seek monetary damages would not have practical significance at this
25  time.

26  **B.  Propriety of Class Certification Under Rule 23(b)(3)**

27  A class action may be maintained under Rule 23(b)(3) if "the court finds that the questions
28  of law or fact common to class members predominate over any questions affecting only individual

1  members, and that a class action is superior to other available methods for fairly and efficiently
2  adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry
3  tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."
4  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

5  Understanding which law will apply in a multi-state class action is important before
6  making a predominance determination. *Zinser v. Accufix Research Inst*., 253 F.3d 1180, 1188
7  (9th Cir. 2001). In the context of class actions, a court's ability to apply the law of the forum as
8  the rule of decision is restricted by the Due Process Clause and the Full Faith and Credit Clause.
9  *Phillips Petroleum v. Shutts*, 472 U.S. 797 (1985). A district court "may not take a transaction
10 with little or no relationship to the forum and apply the law of the forum in order to satisfy the
11 procedural requirement that there be a common question of law." *Id*. at 821. To apply the law of
12 the forum to claims by a class of nonresidents without violating due process, the Court must find
13 the forum has a "significant contact or significant aggregation of contacts to the claims asserted by
14 each member of the plaintiff class, contacts creating state interests, in order to ensure that the
15 choice of [the forum state's] law is not arbitrary or unfair." *Id.* (citation and internal marks
16 omitted).

17 Defendant contends California law can be applied to the claims of all class members.
18 However, Defendant makes no indication California has sufficient contacts to the claims of each
19 class member such that it would create state interests. Nor did the Court, in reviewing the record,
20 find such contacts. *Shutts*, 472 U.S. at 821. The Court is not persuaded California law can be
21 applied to the nationwide class without violating due process. It follows that California law cannot
22 serve as the basis for a "question[] of law . . . common to class members" to meet Rule 23(b)(3)'s
23 predominance requirement. FED. R. CIV. P. 23(b)(3).

24 A nationwide class action that involves claims which require multiple state laws be applied
25 implicates Rule 23(b)(3)'s predominance requirement. *Zinser*, 253 F.3d at 1189. This is because
26 "[w]here the applicable law derives from the law of the 50 states, as opposed to a unitary federal
27 cause of action, differences in state law will 'compound the [ ] disparities' among class members
28

from the different states." *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 453 (D.N.J.1998) (*quoting Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 624 (1997)) (second alteration in original).

Plaintiffs summarily contend the class may be maintained under Rule 23(b)(3) because the Court can apply the laws of multiple states. Yet Plaintiffs do not offer any analysis of state law variations regarding their claims to establish this case could be managed in a practical manner. *See generally*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) (state law distinctions impact trial manageability). The Court cannot simply rely on counsel's assurances that applying the laws of various states would not overwhelm a finding of predominance, rather, counsel must affirmatively demonstrate the accuracy of the assertion. *Zinser*, 253 F.3d at 1189 (9th Cir. 2001)*,* citing *Castano*, 84 F.3d at 742 (court cannot rely merely on assurances of counsel that any problems with predominance or superiority can be overcome). The Court is not convinced that Rule 23(b)(3)'s predominance requirement has been met.

The parties propose that if the Court is concerned about lack of notice and opportunity for class members to opt out, Defendant will provide the last known mailing addresses for each class member, and Plaintiffs will send notice. Although the parties' proposal would alleviate some due process concerns, notice alone does not remedy the predominance problems. Accordingly, this action cannot be maintained as a nationwide class under Rule 23(b)(3).

**C. Sub-Class of Former Franchisees in California**

Defendant suggests the Court has the option to certify a California-only class of franchisees. Plaintiffs do not propose certification of a California-only subclass, nor do they propose dividing the nationwide class into subclasses based upon any other criteria.

"When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." FED. R. CIV. P. 23(c)(5). Ordinarily, Plaintiffs "bear the burden of establishing appropriate subclasses and demonstrating that each subclass meets the Rule 23 requirements." *In re Telectronics Pacing Systems, Inc.*, 168 F.R.D. 203, 221 (1996) (citations omitted).

The existing record is inadequate to determine whether a class comprised of former California franchisees would meet the requirements of Rules 23(a) and (b). Further, the Court does not have an obligation to create, *sua sponte*, appropriate subclasses in a class action where

they are not constructed by the plaintiff.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 408 (1980).  The Court therefore declines to create subclasses at this time.

### IV. CONCLUSION

For the reasons stated above, the Court concludes maintaining this lawsuit as a nationwide class action is not appropriate, and **ORDERS** as follows:

(1) The Court hereby **VACATES** its July 21, 2010 Order.  [Doc. No. 25.]  The previously certified nationwide class is decertified without prejudice to renewal of a motion for class certification consistent with this order.

(2) The parties shall submit a joint status report, on or before ***June 24, 2011***, notifying the Court whether they desire the Court to rule on the pending summary judgment motions as to the named plaintiffs Grayson and McKenzie only, or whether the parties will withdraw their pending Rule 56 motions for summary judgment.

**IT IS SO ORDERED.**

DATED:  June 10, 2011

Hon. Michael M. Anello
United States District Judge